## In re ESTATE OF CARPENTER.

[Cite as *In re Estate of Carpenter* (1998), 129 Ohio App.3d 717.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 97–G–2099.

Decided Sept. 11, 1998.

718

*A.P. Leary* and *David E. Griffiths,* for appellant William Parke.

*Timothy G. Teresaczuk,* for appellee Darcey Parke.

NADER, Judge.

In this accelerated calendar case, appellant, William Parke, challenges a decision of the Geauga County Court of Common Pleas, Probate Division.

The decedent, Betty Carpenter, died testate on January 13, 1996, in Geauga County. Her will and codicil were admitted for probate on January 16, 1996, and appellant, Carpenter's nephew, was appointed executor of the estate in accordance with the will. In her will, Carpenter's tangible and intangible personal property were bequeathed to various individuals and organizations. Item V of the will directed that "any real estate [Carpenter] own[ed] at the time of [her] death be sold and that the proceeds be given to [appellant,] WILLIAM PARKE * * *." The residuary of the decedent's estate was to be divided equally between appellant and his niece, Darcey Parke, Carpenter's grandniece.

Carpenter owned only one parcel of real property at the time of her death, her homestead, which was in a terrible state of disrepair. To be salable, the home required substantial repairs and renovations. Appellant expended approximately $11,500 of his own funds to have the repairs done. He did not request reimbursement from the estate. The mortgage and various expenses relating to the home were paid with estate funds during the pendency of its repair and sale.

When appellant filed his first partial executor's account, Ms. Parke objected to the use of estate funds for payment of expenses relating to the home, claiming that Carpenter essentially devised the property to appellant and, pursuant to R.C. 2113.52, appellant was required to utilize his own funds for these items. The probate court agreed and ordered appellant to reimburse the estate $7,665.55 for the expenses.

Appellant timely appealed and raises one assignment of error for our consideration:

"The trial court erred in holding that William Parke must reimburse the estate of Betty Carpenter in the amount of $7,665.55 from the proceeds of the sale of decedent's real estate."

Ms. Parke has failed to file a brief and, thus, we are permitted to take appellant's statement of the facts and issues as true and reverse the probate court's decision "if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

Appellant claims that the trial court erred in concluding that he was not permitted to use estate funds to cover expenses of managing the real property.

■ R.C. 2113.52 provides that when a testator devises a parcel of real property to a beneficiary, the beneficiary takes the property subject to its encumbrances, such as tax liens and mortgages. This rule is premised upon the fact that at the moment the testator dies, the real property immediately passes to the beneficiary and the estate never possesses an interest in it. Thus, the beneficiary, if he or she wishes to retain the property, is responsible for any expenses associated with the management of the property.

■ Item V of Carpenter's will, however, does not devise any interest in her homestead to appellant as a beneficiary of her estate. The Supreme Court of Ohio encountered a similar testamentary disposition in *Richey v. Johnson* (1876), 30 Ohio St. 288, 1876 WL 186. The will provided that the executors of the decedent's estate were to sell his farm after his wife's death and divide the proceeds equally between the decedent's siblings and their heirs. The court concluded this was *not* a devise of the real estate.

"The thing to be distributed was money, not land. * * * *[T]he gift is therefore to be regarded as a bequest of personalty, and not as a devise of land.* It makes no difference that the fund to be distributed is the proceeds of that which was land at the date of the will, or at the testator's death. The bequest is nevertheless a legacy * * *. A court of equity will regard the subject-matter as having the new character which the testator has impressed upon it by an unconditional order for its conversion. The courts of England uniformly act upon this doctrine, and the same rule obtains in most of the states of this country, and has been frequently recognized in this state." (Emphasis added.) *Id.* at 293.

■ Likewise, the direction to sell Carpenter's real estate and distribute the proceeds to appellant was a bequest of personalty, the money, not a devise of the land itself. Appellant never obtained an interest in the property as a beneficiary of the will and, thus, was not required to utilize his own funds during the pendency of the sale to cover the mortgage or incidental expenses of its management.[1]

---

1. Moreover, appellant was not required to obtain the probate court's approval before managing the real estate (*i.e.*, paying the expenses from estate funds) pursuant to R.C. 2113.311

By concluding that Item V of Carpenter's will was a bequest of personalty we have not fully resolved the issues in this case, however, because the court did not rely upon the distinction of real versus personal property to resolve the case. Rather, the probate court concluded that appellant had not adequately justified the expenses as reasonable or necessary to the administration of the estate upon objection to his fiduciary's accounting.

Once an objection has been filed to the account, the burden falls upon the executor to establish the validity of the expenditures. *Whitaker v. Estate of Whitaker* (1995), 105 Ohio App.3d 46, 53, 663 N.E.2d 681, 685. A court's determination on these matters is given a highly deferential review on appeal. *Id.*

In this case, the parties stipulated to the *amounts* of the contested payments. Appellant presented no evidence of the expenditures or their necessity either attached to his accounting or at the hearing. The trial court concluded that appellant failed to meet his burden to establish that the payments were necessary expenditures of the estate, *Whitaker, supra,* and after careful review, we find no abuse of discretion in this conclusion.[2]

Consequently, we conclude that the trial court did not err in ordering appellant to reimburse the estate for expenses not substantiated as reasonable or necessary to the administration of the estate. The judgment of the Geauga County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., concurs.

WILLIAM M. O'NEILL, J., dissents.

WILLIAM M. O'NEILL, Judge, dissenting.

Appellant claims that the trial court erred in concluding that he was not permitted to use estate funds to cover expenses of managing the real property pending its sale. I agree.

R.C. 2113.52 provides that when a testator devises a parcel of real property to a beneficiary, the beneficiary takes the property subject to its encumbrances,

---

[1] because the will specifically directed him, as executor, to sell the property. R.C. 2113.39; *Bilikam v. Bilikam* (1982), 2 Ohio App.3d 300, 2 OBR 332, 441 N.E.2d 845; *Ziechmann v. Adomaitis* (Mar. 13, 1986), Cuyahoga App. No. 50264, unreported, 1986 WL 3227.

**2.** The record does not show whether any of the expenditures were made before or after Carpenter's death.

such as tax liens and mortgages. This rule is premised upon the fact that at the moment the testator dies, the real property immediately passes to the beneficiary and the estate never possesses an interest in it. Thus, the beneficiary, if he or she wishes to retain the property, is responsible for any expenses associated with the management of the property.

Item V of Carpenter's will, however, does not devise any interest in her homestead to appellant as a beneficiary of her estate. The Supreme Court of Ohio encountered a similar testamentary disposition in *Richey v. Johnson* (1876), 30 Ohio St. 288. The will provided that the executors of the decedent's estate were to sell his farm after his wife's death and divide the proceeds equally between the decedent's siblings and their heirs. The court concluded this was *not* a devise of the real estate.

"The thing to be distributed was money, not land. * * * [*T*]*he gift is therefore to be regarded as a bequest of personalty, and not as a devise of land.* It makes no difference that the fund to be distributed is the proceeds of that which was land at the date of the will, or at the testator's death. The bequest is nevertheless a legacy * * *. A court of equity will regard the subject-matter as having the new character which the testator has impressed upon it by an unconditional order for its conversion. The courts of England uniformly act upon this doctrine, and the same rule obtains in most of the states of this country, and has been frequently recognized in this state." (Emphasis added.) *Id.* at 293.

Likewise, the direction to sell Carpenter's real estate and distribute the proceeds to appellant was a bequest of personalty, the money, not a devise of the land itself. Appellant never obtained an interest in the property as a beneficiary of the will and, thus, was not required to utilize his own funds during the pendency of the sale to cover the mortgage or incidental expenses of its management. The probate court erred in concluding that he was.

Moreover, appellant was not required to obtain the probate court's approval before managing the real estate (*i.e.*, paying the expenses from estate funds) pursuant to R.C. 2113.311 because the will specifically directed him, as executor, to sell the property. R.C. 2113.39; *Bilikam v. Bilikam* (1982), 2 Ohio App.3d 300, 2 OBR 332, 441 N.E.2d 845; *Ziechmann v. Adomaitis* (Mar. 13, 1986), Cuyahoga App. No. 50264, unreported, 1986 WL 3227.

Thus, to the extent that the trial court has ordered reimbursement because appellant was not permitted to use estate funds to pay *any* of the expenses arising from the management of the property, the judgment should be reversed. Upon remand, the trial court should consider the propriety of the individual expenses as necessary to the management of the real estate.

Based upon the foregoing analysis, I respectfully dissent.