CULLEN et al., Appellants,

v.

MILLIGAN et al., Appellees.

[Cite as *Cullen v. Milligan* (1992), 79 Ohio App.3d 138.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1069.

Decided May 5, 1992.

*Campbell, Hornbeck, Chilcoat & Veatch* and *Daniel F. Ryan,* for appellants.

*Emens, Hurd, Kegler & Ritter Co., L.P.A., Melvin D. Weinstein* and *Gene W. Holliker,* for appellees.

PETREE, Judge.

Appellants, Donald L. Cullen, George Foster, the Williams Investment Company and the Clyde E. Williams Trusts B, C and D, appeal from a judgment of the Franklin County Court of Common Pleas implementing the decision and judgment of the Ohio Supreme Court in *Cullen v. Milligan* (1991), 61 Ohio St.3d 352, 575 N.E.2d 123. In this appeal, appellants contend that the trial court's judgment is inconsistent with the mandate of the Supreme Court, which directed that the parties be restored to the positions they occupied before the commencement of this suit. Finding no abuse of discretion, we affirm.

Appellants are minority shareholders in Gammatronix, Inc., a publicly held Ohio corporation. Together, appellants own approximately forty-one percent of the outstanding Gammatronix shares. On October 3, 1988, the Gammatronix Board of Directors met to consider an "Employee Stock Purchase Plan" proposed by appellee Neal P. Milligan, the president and chairman of the board. Under the plan, Milligan and appellee Charles F. Hicks were to be granted an option to purchase substantial quantities of Gammatronix stock. These shares were to be drawn from a combination of authorized but unissued shares and treasury shares. When the plan was put to a vote, only two of the four Gammatronix directors voted in favor of the plan. Nevertheless, the plan was adopted. Shortly thereafter, Milligan and Hicks exercised their options and purchased the shares for a combined price of $171,000.

This action was commenced by appellants the following day, on October 4, 1988. Among other things, appellants sought an injunction preventing Milli-

gan and Hicks from purchasing the additional shares under the stock option plan. On March 1, 1989, the trial court ruled in favor of appellees, denying the request for injunctive relief. On appeal, this court reversed, holding that the trial court erred in failing to enjoin Milligan and Hicks from acquiring shares under the stock option plan. *Cullen v. Milligan* (June 21, 1990), Franklin App. No. 89AP–396, unreported, 1990 WL 85133. This judgment was subsequently affirmed by a unanimous Supreme Court. That court held that the stock option plan was not properly approved by a majority of the board as required under the Gammatronix code of regulations and that the plan violated Ohio's Control Share Acquisition Act, R.C. 1701.831. With this judgment, the cause was remanded to the trial court with directions that the parties "be restored to their original positions with respect to their holdings in Gammatronix." *Cullen,* 61 Ohio St.3d at 362, 575 N.E.2d at 131–132.

On remand, both parties submitted proposed entries intended to implement the Supreme Court's judgment. Adopting appellees' proposal, the court ordered that the stock purchase by appellees pursuant to the stock option plan be rescinded. Gammatronix was directed to repay Milligan and Hicks the amount they had originally paid for the stock. To the extent that Gammatronix was unable to pay the entire amount immediately, the court ordered that Milligan and Hicks be given demand notes for the balance with a security interest in the company's real estate and assets. Finally, the court directed Gammatronix to take all reasonable steps to obtain financing to satisfy the debt owed to appellees.

From this judgment, appellants bring this timely appeal, asserting two assignments of error, as follows:

"I. The granting of a secured status and demand note to Neal P. Milligan and Charles Hicks was not consistent with the prior ruling of the Ohio Supreme Court in this matter.

"II. The lower Court erred in declaring that the Board of Directors of Gammatronix, Inc. was duly constituted and properly elected in that the Trial Court exceeded the scope of its authority in so declaring and was inconsistent with the prior ruling of the Court."

In the first assignment of error, appellants maintain that the trial court's order places appellees in the position of priority creditors, an allegedly better position than the one they originally held.

An injunction is an extraordinary equitable remedy which is particularly dependent on the specific facts and circumstances of a given case. For this reason, the grant or denial of an injunction generally rests within the sound discretion of the trial court. *Perkins v. Quaker City* (1956), 165 Ohio

St. 120, 59 O.O. 151, 133 N.E.2d 595, syllabus. The trial court also retains broad discretion when framing the terms of an injunctive order. *Superior Sav. Assn. v. Cleveland Council of Unemployed Workers* (1986), 27 Ohio App.3d 344, 346, 27 OBR 402, 404–405, 501 N.E.2d 91, 93–94. When granting an injunction, the trial court must give due consideration to the rights of all parties in interest, not just that party seeking the injunction. Provided the order is within the range of remedies permitted by law, an injunction will not be reversed absent an abuse of discretion. *Garono v. State* (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496, 498–499.

■ Both this court and the Supreme Court held that appellants were legally entitled to an injunction prohibiting Milligan and Hicks from acquiring additional shares under the employee stock option plan. However, neither court attempted to define the specific relief to which appellants were entitled. That issue was reserved for the determination of the trial court upon remand. Both parties agree that the stock purchased by Milligan and Hicks must be returned to Gammatronix. In return, Milligan and Hicks are clearly entitled to recover the $171,000 they paid for the stock. Because Gammatronix does not have this amount of cash available, the trial court placed Milligan and Hicks in the position of secured creditors. This is neither unreasonable nor does it place appellees in a better position than they originally occupied. Cash in hand is unquestionably preferable to the status of a secured creditor who is entitled to no interest on the amount owed. As the terms of the injunction are reasonably consistent with the Supreme Court's mandate, the trial court's judgment does constitute an abuse of discretion.

The first assignment of error is not well taken.

In the second assignment of error, appellants maintain that the Gammatronix Board of Directors should be dissolved because the shares wrongfully purchased by Milligan and Hicks pursuant to the stock option plan were allegedly voted at the annual meeting held on January 25, 1991.

In effect, appellants would have us apply the Supreme Court's decision retroactively to the date on which the trial court first refused appellants' request for a preliminary and permanent injunction. Such a ruling would have the effect of voiding the shares purchased by Milligan and Hicks as well as any action taken by the board upon a vote which included those shares. We do not think the Supreme Court's decision requires such a drastic remedy. This issue was raised for the first time in a motion filed by appellants after this case was remanded to the trial court for implementation of the Supreme Court's decision. Nowhere in the pleadings do appellants ask for an order dissolving the board of directors and neither this court nor the Supreme Court addressed this question during the appeal of this matter. As this court's

judgment was stayed by order of the Supreme Court, Milligan and Hicks were lawfully entitled to vote the disputed shares on January 25, 1991. Injunctive relief is generally imposed prospectively, not retrospectively. Absent some indication to the contrary, we will not presume that the Supreme Court intended that the remedy be applied retroactively in this case.

 As the Supreme Court's decision did not require the trial court to dissolve the Gammatronix Board of Directors, appellants bear the burden of proving they are entitled to the requested relief. In this case, there is simply no proof which might entitle appellants to an order dissolving the board of directors. Whether or not the disputed option shares are included, appellants do not own a majority of Gammatronix stock which would entitle them to control of the company. While appellants contend that they possessed voting rights for additional shares, there is no proof of this fact in the record. In fact, there is no evidence whatsoever with respect to the January 25, 1991 shareholders' meeting. As this court has stated many times, documents merely attached to briefs and memorandum are not evidence which this court will consider on appeal. Because there is no proof that the outcome of the January 25, 1991 board meeting would have been any different had Milligan and Hicks not voted the shares obtained pursuant to the stock option plan, the trial court did not abuse its discretion in denying appellants' request for an injunction dissolving the board of directors.

The second assignment of error is not well taken.

Appellants' assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.