RESTIVO, Appellee and Cross–Appellant,

v.

FIFTH THIRD BANK OF NORTHWESTERN OHIO,
N.A., Appellant and Cross–Appellee.

[Cite as *Restivo v. Fifth Third Bank of Northwestern Ohio, N.A.* (1996), 113 Ohio App.3d 516.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–296.

Decided Aug. 16, 1996.

*David M. Schnorf* and *Johna M. Bella,* for appellee and cross-appellant.

*Theodore M. Rowen* and *Teresa L. Grigsby,* for appellant and cross-appellee.

*Per Curiam.*

This is an appeal and cross-appeal from a judgment of the Lucas County Court of Common Pleas in this dispute concerning a restrictive employment covenant. Appellant/cross-appellee, Fifth Third Bank of Northwest Ohio, N.A., sets forth the following three assignments of error:

"I. The trial court erred in awarding plaintiff Anthony J. Restivo judgment as a matter of law on the counterclaim requesting injunctive relief filed by Fifth Third Bank of Northwest Ohio on the ground that the bank had failed to produce evidence of damage. Actual damage is not required in order for a party to be entitled to injunctive relief.

"II. The trial court erred in awarding plaintiff Anthony J. Restivo judgment as a matter of law on the counterclaim requesting injunctive relief filed by Fifth Third Bank of Northwest Ohio, because the trial court previously made findings which establish that irreparable harm will accrue to the bank by virtue of Restivo's violation of the restrictive employment covenant.

"III. The trial court erred in denying Fifth Third Bank of Northwest Ohio's motion for sanctions."

Appellee/cross-appellant, Anthony J. Restivo, sets forth the following four cross-assignments of error:

"First Assignment of Error on Cross–Appeal. The trial court erred in finding as a matter of law that cross-appellant Restivo was not coerced into executing the stock option agreement.

"Second Assignment of Error on Cross–Appeal. The trial court erred in finding that the stock option agreement was supported by consideration.

"Third Assignment of Error on Cross–Appeal. The trial court erred in finding that cross-appellant's affidavit was not supported by substantive facts.

"Fourth Assignment of Error on Cross–Appeal. The trial court erred in finding that the restrictive employment covenant contained in the stock option agreement is enforceable."

The following facts are relevant to this appeal. Restivo began his employment with the bank in April 1985. On September 22, 1993, Restivo executed a stock option agreement with the bank; this agreement also contained a postemployment restrictive covenant. Restivo resigned his employment with the bank on July 22, 1994. He began employment with a competitor of the bank in August 1994.

On October 12, 1994, Restivo filed a complaint for declaratory judgment, seeking an order that the restrictive employment covenant was invalid and

unenforceable. The bank filed an answer and a counterclaim for injunctive relief. Cross-motions for summary judgment were filed. On September 5, 1995, the trial court granted the bank's motion for summary judgment, finding that the covenant was enforceable except for the geographical restraint which the court modified. The trial court granted Restivo's motion for summary judgment on the bank's counterclaim for injunctive relief. The trial court found that the bank was not entitled to injunctive relief because the one-year period provided for in the restrictive covenant had already passed and the bank had failed to demonstrate any damages or injury caused by Restivo.

Because the first and second assignments of error both concern the trial court's denial of injunctive relief, we will discuss them together. In its first assignment of error, the bank argues that the trial court erred in granting Restivo summary judgment on its counterclaim on the ground that the bank failed to produce evidence of damage. In its second assignment of error, the bank argues that the trial court erred in granting Restivo summary judgment on its counterclaim because the trial court's prior findings establish that irreparable harm will accrue to the bank due to Restivo's violation of the restrictive covenant.

In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Restivo moved for and was granted summary judgment as to the bank's counterclaim for injunctive relief.

In Ohio, an agreement restraining a former employee from competing with his former employer will be enforced under the rule of reasonableness to the extent that the restraint (1) is required to protect the legitimate interests of the employer, (2) does not impose an undue hardship on the employee, and (3) is not injurious to the public. *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544, paragraphs one and two of the syllabus; *Rogers v. Runfola & Assoc., Inc.* (1991), 57 Ohio St.3d 5, 8, 565 N.E.2d 540, 543–544. In addition to adducing clear and convincing evidence of each of these three elements, a plaintiff is required to establish actual irreparable harm or the existence of an actual threat of such injury when the equitable remedy of injunction is sought. *Ohio Urology, Inc. v. Poll* (1991), 72 Ohio App.3d 446, 594 N.E.2d 1027.

In *Garono v. State* (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496, 498, the Ohio Supreme Court stated:

"An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot. The grant or denial of an injunction is solely within the trial court's discretion and, therefore, a reviewing court should not disturb the judgment of the trial court absent a showing of a clear abuse of discretion." (Citations omitted.) See, also, *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595, syllabus.

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Unless the trial court's decision to grant or deny injunctive relief is, in some way, unreasonable, arbitrary or unconscionable, it will not be disturbed on appeal. *Garono v. State, supra*, 37 Ohio St.3d at 173, 524 N.E.2d at 498–499.

The decision as to whether an injunction should be granted depends on the specific facts and circumstances of a given case. *Cullen v. Milligan* (1992), 79 Ohio App.3d 138, 140, 606 N.E.2d 1061, 1062–1063. The trial court retains broad discretion when framing the terms of an injunctive order. *Superior Sav. Assn. v. Cleveland Council of Unemp. Workers* (1986), 27 Ohio App.3d 344, 346, 27 OBR 402, 404–405, 501 N.E.2d 91, 93–94. See, also, 42 American Jurisprudence 2d (1969), Injunctions, Sections 2, 23–25. In order for an injunction to issue, it must be shown that such relief is necessary to protect a clear right from irreparable injury, where the remedy at law is inadequate. See, generally, 56 Ohio Jurisprudence 3d (1984), Injunctions, Sections 11, 15, 17–18; 42 American Jurisprudence 2d, *supra*, Sections 28–30. "The right to an injunction must be clear and the proof thereof clear and convincing * * *." *White v. Long* (1967), 12 Ohio App.2d 136, 140, 41 O.O.2d 200, 202, 231 N.E.2d 337, 340. As noted by the court in *Miller v. W. Carrollton* (1993), 91 Ohio App.3d 291, 296–297, 632 N.E.2d 582, 586:

"The facts which will warrant mandatory relief must be clear, be free from reasonable doubt, and disclose the prospect of irreparable injury to the complainant. Equity will not interfere where the anticipated injury is doubtful or speculative; reasonable probability of irreparable injury must be shown. Such relief will be refused where the injury is so slight as to bring the case within the maxim 'de minimis non curat lex,' where there is no appreciable damage, where a mandatory decree would require a difficult and expensive act, or where its enforcement would necessitate close and continuous supervision by the court for an indefinite period. As in other cases of injunction, the court will balance the equities between the parties and consider the benefit to the plaintiff of a

mandatory writ as against the inconvenience and damage to the defendant, and award relief accordingly."

Irreparable harm exists when there is a substantial threat of a material injury which cannot be adequately compensated through monetary damages. *Garono v. State, supra,* 37 Ohio St.3d 171, 524 N.E.2d 496; *Leaseway Distrib. Centers, Inc. v. Ohio Dept. of Adm. Serv.* (1988), 49 Ohio App.3d 99, 550 N.E.2d 955.

This court has thoroughly reviewed the record. Applying the above legal principles to the facts of this case, this court concludes that the trial court did not abuse its discretion when it determined that the bank was not entitled to injunctive relief. The bank's claim that it would suffer irreparable injury is not supported by the record. The record discloses that the bank was unable to identify any damages or irreparable harm it had suffered as a result of Restivo's conduct at the competitor bank. Furthermore, the bank was unable to identify any client who had transferred its business to the competitor bank as a result of Restivo's conduct.

Accordingly, the bank's first and second assignments of error are found not well taken.

■ In its third assignment of error, the bank argues that the trial court erred in denying the bank's motion for sanctions in regard to a discovery dispute concerning Restivo's failure to attend a deposition.

Civ.R. 37 governs matters concerning failure to provide discovery and the sanctions which can be imposed. Civ.R. 37 provides for a range of sanctions for a party's failure to comply with discovery. Discovery sanctions are within the discretion of the trial court. *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458, 6 OBR 496, 498–499, 453 N.E.2d 700, 702–703.

Default judgment under Civ.R. 37(B)(2)(C) is the harshest of sanctions, and it has been consistently held that this drastic remedy should be entered only upon a showing that the failure to provide discovery is the result of willfulness or bad faith on the part of the sanctioned party:

"It is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party." *Toney v. Berkemer, supra,* 6 Ohio St.3d 455, 6 OBR 496, 453 N.E.2d 700, syllabus.

The standard of review that an appellate court must employ in the review of the trial court's handling of discovery matters is whether the trial court abused its discretion. *Id.* at 458, 6 OBR at 498–499, 453 N.E.2d at 702–703. The bank contends that the trial court abused its discretion because it failed to impose Civ.R. 37(D) sanctions for Restivo's failure to attend a deposition. After our

review of the record, under the circumstances concerning this discovery dispute, we cannot say that the trial court abused its discretion in failing to award the discovery sanctions requested by the bank.

Civ.R. 37(D) sanctions may be applied at the trial court's discretion, but where a party improperly fails to appear for a deposition and the trial court does not otherwise impose sanctions, the court is required to assess costs, including attorney fees, against the offending party. *Bilikam v. Bilikam* (1982), 2 Ohio App.3d 300, 2 OBR 332, 441 N.E.2d 845. This sanction is justified to protect deposing parties from undue expense caused by an unresponsive opponent. In the case at bar, the trial court did not impose sanctions against Restivo, as mandated by Civ.R. 37(D), nor did the trial court order Restivo to pay the attorney fees and expenses associated with the deposition. Nor did the trial court include in its decision and judgment entry any language excusing "the offending party from such expenses by making an express finding that the failure was 'substantially justified' or that an award of expenses would otherwise be unjust." *Id.* at 306, 2 OBR at 338–339, 441 N.E.2d at 852.

However, the bank failed to bring this error to the trial court's attention. An appellate court need not consider any error which the complaining party could have, but did not, call to the trial court's attention at a time when the error could have been avoided or corrected by the trial court. *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524, 526–527; *First Fed. S. & L. Assn. of Akron v. Cheton & Rabe* (1989), 57 Ohio App.3d 137, 144, 567 N.E.2d 298, 304–305.

Accordingly, the bank's third assignment of error is found not well taken.

In regard to Restivo's cross-appeal, in light of our decision as to the bank's assignments of error, we need not reach the substance of the issues raised in Restivo's cross-assignments of error. Accordingly, Restivo's issues raised on cross-appeal are moot.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and SHERCK, JJ., concur.

MELVIN L. RESNICK, P.J., dissents.

MELVIN L. RESNICK, Presiding Judge, dissenting.

I respectfully dissent from the decision of the majority as to the bank's first assignment of error.

In resolving whether to issue an injunction in a case such as the one before us, a trial court must engage in a tripartite test. *Levine v. Beckman* (1988), 48 Ohio App.3d 25 at 27, 548 N.E.2d 267 at 270–271. The first element consists of determining whether the covenant not to compete is valid; the second requires the application of a rule of reasonableness in order to decide if the covenant is enforceable. *Id.,* citing *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21 at 25, 71 O.O.2d 12 at 14, 325 N.E.2d 544 at 546–547. Finally, the court must find that the party seeking the injunctive relief proved actual irreparable harm. *Id.* An injunction is, however, a form of relief employed to prevent future injury, not to redress prior wrong. *State ex rel. Great Lakes College, Inc. v. Ohio Med. Bd.* (1972), 29 Ohio St.2d 198, 201–202, 58 O.O.2d 406, 408–409, 280 N.E.2d 900, 903–904. Accordingly, an injunction enforcing a covenant not to compete can be issued upon a showing of the actual threat of irreparable harm. *Levine v. Beckman,* 48 Ohio App.3d at 27, 548 N.E.2d at 270–271.

In applying these principles to the case before us, the common pleas court engaged in a thorough discussion of the first two elements and determined that no question of fact existed as to the validity of the covenant and its enforceability, as modified. The court then addressed the third element, clear and convincing evidence of actual irreparable harm. It concluded that the bank's failure to offer evidence of actual damages in the past rendered the court "unable and unwilling" to presume that injury could occur in the future. Apparently, the majority agrees with this analysis. I cannot.

The record discloses that the bank committed several years, as well as the expenditure of funds, to the development of appellee's skills in the area of automobile leasing and floor plan financing. The affidavit of Victor Profitt, a senior vice-president for the bank, and appellee's own deposition reveal that appellee, as the administrator of the retail lending department (motor vehicle and boat financing) for the bank, had access to confidential and proprietary information, including customer lists and information as to the method used by the bank to set loan rates. In his own deposition, appellee stated that, until a very short time ago, he held the same position with National City Bank that he had with appellant and was dealing with most, if not all, of the same automobile dealers.

I believe that in the world of business it is reasonable to assume that an employee who possesses such inside information as appellee had about his former employer's business presents the actual threat of serious injury to that business. This is particularly true when, as here, the employee takes a job with a business directly in competition with the former employer. Further, the very purpose of an injunction is to prevent such irreparable harm from occurring. Failure to recognize the potential for serious injury undermines the basic purpose of a covenant not to compete, which is to prevent, as far as possible, unfair competi-

tion from someone using inside information or skills gained from his or her former employer. As it stands, the bank has a valid, but useless, covenant not to compete, and appellee is now free to employ the customer contacts and financing information he obtained through his former employment to undermine the bank's business.

For these reasons, I would find that the bank offered sufficient operative facts to create, at the least, a question of material fact on the issue of the actual threat of irreparable injury.