OPINION
This cause is an accelerated appeal from a Butler County Court of Common Pleas judgment entry granting a preliminary injunction to appellee.
In his assignment of error, appellant claims that the trial court erred by finding that the covenant not to compete executed by appellant and appellee was enforceable and granting a preliminary injunction to appellee. The general rule in Ohio is that covenants not to compete that are reasonable are enforced, and those that are unreasonable are "enforced to the extent necessary to protect an employer's legitimate interest." See Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, 25-26. A covenant not to compete is reasonable if the restraint (1) is no greater than is required for the protection of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public.Id. at paragraph two of the syllabus. The trial court found that all three of these elements were met and that the covenant not to compete was enforceable.[1]
In addition to adducing evidence to support each of the above three elements, where the equitable remedy of injunction is sought, an employer must show that actual irreparable harm will result or that an actual threat of such injury exists. Ohio Urology, Inc. v. Poll (1991),72 Ohio App.3d 446, 454.
The trial court determined that a threat of irreparable harm existed where appellant had accepted an upper-management position with a direct competitor of appellee. The trial court found that in his new position appellant would inevitably rely, at least in part, upon confidential information obtained while in the employ of appellee. See Pepsico, Inc.v. Redmond (C.A.7, 1995), 54 F.3d 1262; Proctor Gamble Co. v. Stoneham
(Sept. 29, 2000), Hamilton App. No. C-990859, unreported.
The decision as to whether an injunction should be granted depends upon the specific facts and circumstances of the case under consideration.Cullen v. Milligan (1992), 79 Ohio App.3d 138, 140. We find that the trial court did not abuse its discretion in granting a preliminary injunction to appellee. See Danis Clarkco Landfill Co. v. Clark Cty.Solid Waste Mgt. Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus. Accordingly, the assignment of error is overruled.
Upon consideration of the foregoing, the trial court's decision is affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellant also argues that the covenant not to compete was not enforceable because appellee breached the terms of the employment contract containing this provision by failing to pay appellant severance benefits upon his termination of employment. However, the trial court found no breach of the agreement and ordered the parties to arbitrate the issue of severance payment, as provided by the employment agreement.