OPINION
Defendant-appellant Todd E. Meldrum appeals the June 12, 2001, Judgment Entry of the Stark County Court of Common Pleas which granted Summary Judgment in favor of plaintiff-appellee Countrywide Home Loans, Inc.
 STATEMENT OF THE FACTS AND CASE
On January 18, 2000, Countrywide Home Loans, Inc. [hereinafter appellee] filed a foreclosure complaint against plaintiff-appellant Todd E. Meldrum [hereinafter appellant]. The foreclosure action was stayed pending the discharge of a bankruptcy action filed by appellant.
On December 5, 2000, the case was reinstated to the active docket. On February 22, 2001, appellee filed a Motion for Summary Judgment. Subsequently, on April 2, 2001, appellant filed an "Opposition to [Appellee's] Motion for Summary Judgment". In opposition to appellee's Motion for Summary Judgment, appellant provided the trial court with a declaration. In the declaration, the appellant made the following claims: Appellant claimed that he had several phone discussions with an agent of appellee in March, 2000. Appellant asserted that he and appellee's agent entered a verbal agreement to cure the past due amount and to have the foreclosure action dismissed. Appellant alleged that he was in compliance with that verbal agreement and the foreclosure action should be dismissed.
On June 12, 2001, the trial court granted summary judgment in favor of appellee, denied summary judgment to appellant and issued a Decree of Foreclosure. Appellant alleges that the trial court accepted appellee's argument that appellant was in default on the promissory note despite being provided with appellant's declaration. It is from the grant of summary judgment that appellant appeals, presenting the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO THE TERMS OF THE VERBAL AGREEMENT.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING MY MOTION FOR SUMMARY JUDGMENT BY DISCOUNTING MY DECLARATION THAT THE FORECLOSURE ACTION WOULD BE DISMISSED UPON RECEIPT OF THE FIVE THOUSAND DOLLAR ($5,000.00) PAYMENT.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER THERE WERE PAYMENTS MADE TO COUNTRYWIDE AFTER THE FIVE THOUSAND DOLLAR ($5,000.00) PAYMENT.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT RELATED TO WHETHER COUNTRYWIDE HAD WAIVED THEIR THIRTY (30) DAY ACCELERATED PROVISION BY ACCEPTING PAYMENTS AND FAILING TO INFORM ME OF THE PROVISION IN THE AGREEMENT WITH RICHARD DUNN.
 ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO FORECLOSE MY FHA INSURED MORTGAGE BECAUSE I RAISED LEGITIMATE FEDERAL DEFENSES THAT WERE NOT CONTRADICTED BY COUNTRYWIDE'S AFFIDAVITS.
 ASSIGNMENT OF ERROR VI
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF WITHOUT ORDERING DISCOVERY.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civil Rule 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts, through the forms of evidence permitted in Civ. R. 56(C), that demonstrate there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429 (citing Dresher v. Burt (1966), 75 Ohio St.3d 280). However, if the non-moving party fails to submit any counter-evidence, the court must accept the moving party's evidence as true and construe the evidence in the non-moving party's favor. Stemen v. Shibley (1982), 11 Ohio App.3d 263,269. It is based upon this standard that we review appellant's assignments of error.
 I, II, III, IV V
Appellant does not deny that his loan with appellee was in default. However, in his first through fifth assignments of error, appellant relies upon his declaration, filed with the trial court, in response to Appellee's Motion for Summary Judgment. In the declaration, appellant alleges that he entered an oral agreement with an agent of appellee whereby he would make certain payments and, as a result, the foreclosure action would be dismissed. Appellant, through his declaration and documents attached to the declaration, attempted to present the agreement and its terms. Appellant, in his Merit Brief, confirms that appellee made no reference to this oral agreement, its terms or appellant's compliance with those terms in its evidence submitted to the trial court.
However, appellant's declaration does not constitute evidence of such a quality that a trial court may review in determining whether summary judgment is appropriate. See In re Disqualification of Pokorny (1992),74 Ohio St.3d 1238. Civil Rule 56(C) limits the form or type of evidence that a court may consider in summary judgment proceedings. An unsworn declaration is not an affidavit and it cannot be considered as evidence under Civ.R. 56. Pollock v. Brigano (1998), 130 Ohio App.3d 505, 509
(citing In re Disqualification of Pokorny, supra), in accord, Murin v.Jeep Eagle Corp. (June 16, 2000), Lucas app. No. L-99-1346, unreported, 2000 WL 770135.
Appellant's declaration was not notarized or sworn before another appropriate officer. Therefore, we find that pursuant to Civ. R. 56 andPokorny, the trial court could not consider appellant's declaration as evidence. As such, appellant failed to produce evidence to counter appellee's Motion for Summary Judgment. Therefore, this court finds that appellee was entitled to a grant of summary judgment and that appellant was not entitled to a grant of summary judgment.
Appellant's first, second, third, fourth and fifth assignments of error are overruled.
 VI
In the sixth assignment of error, appellant argues that the trial court erred in granting appellee's Motion for Summary Judgment without ordering discovery. Appellant argues that he made numerous requests of appellee's counsel to proceed with discovery, including the opportunity to depose the agent with whom appellant alleges he made an oral agreement. Appellant asserts that he was denied at every request.
The Ohio Rules of Civil Procedure attempt to minimize the role of the court in matters of discovery by permitting the parties to pursue open discovery without leave of court. Anderson v. A.C. S., Inc. (1992),83 Ohio App.3d 581, 584. While the trial court has the discretion to regulate the discovery process, typically, the trial court is drawn into regulating discovery only when a party moves to compel discovery under Civ.R. 37, or seeks a protective order pursuant to Civ.R. 26(C). Id.; See Civ. R. 26(B); State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. Further, an appellate court need not consider an error which was not brought to the trial court's attention.Restivo v. Fifth Third Bank of Northwestern Ohio, N.A. (1996),113 Ohio App.3d 516, 521; State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170.
In the case sub judice, the record reveals that the trial court took no action to deny appellant discovery. Further, the record reveals no attempt by appellant to proceed with discovery nor a motion to the trial court to compel discovery. Rather, appellant contends that the trial court never ordered discovery to proceed. However, as noted above, discovery normally proceeds without court intervention unless a party brings a problem to the attention of the court. Appellant brought no such concern to the attention of the trial court. Therefore, we find that not only has appellant not preserved this error for appellate review, but appellant's argument is meritless.
Appellant's second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Wise, J. concur.