OPINION
{¶ 1} Appellant Marissa M. Kochalko, nka Montanez, appeals the decision of the Court of Common Pleas, Guernsey County, which denied her claim for relief under Civ.R. 60(B). Appellee Daniel J. Kochalko is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on November 23, 1984. Six children were born as issue of the marriage. On March 29, 2000, appellee filed a complaint for divorce. The matter proceeded to a two-day evidentiary hearing. On September 28, 2001, the magistrate issued a "Magistrate's Decision/Divorce Decree." On the same day, the trial court approved and adopted the magistrate's decision. On October 12, 2001, appellant filed timely objections to the magistrate's decision, pursuant to Civ.R. 53. The trial court set the objections for a non-oral hearing on October 29, 2001. However, on October 29, 2001, appellant filed a notice of appeal.
 {¶ 3} This Court subsequently dismissed this first appeal, finding that the trial court had failed to rule on appellant's objections to the magistrate's decision, making the court's judgment entry non-final for purposes of appeal. See Kochalko v.Kochalko (June 11, 2003), Guernsey App. No. 01-CA-23, 2003-Ohio-3082.
 {¶ 4} Upon remand, the trial court issued a judgment entry on August 11, 2003, addressing both appellant's Civ.R. 53 objections and her pro se "Motion to Release Marital Assets" and "Motion to Request the Return of Personal Items," which she had filed, in the meantime, on July 7, 2003.
 {¶ 5} The court first noted in its judgment entry of August 11, 2003, that the Juvenile Division of the Guernsey County Court of Common Pleas had assumed jurisdiction over the parties' children in case 20020141, wherein appellant had obtained custody on February 22, 2002. Therefore, the trial court denied, on grounds of mootness, appellant's Civ.R. 53 objections as to custody, child support, and "related children's issues." Judgment Entry, August 11, 2003, at 3. The trial court further overruled appellant's objections as to property division. Finally, the trial court denied appellant's motions of July 7, 2003, concluding that appellant was therein seeking to relitigate property issues which she had not raised in her Civ.R. 53 objection.
 {¶ 6} Appellant filed a notice of appeal from the court's judgment entry of August 11, 2003. However, we subsequently dismissed that appeal for want of prosecution. (Guernsey App. No. 03-CA-22). We also denied appellant's App.R. 26(A) motion to reconsider the dismissal.
 {¶ 7} On May 14, 2004, appellant filed a motion for relief from judgment, alleging fraud by appellee during the divorce proceedings and new evidence relating to property division and appellee's behavior regarding minor children. On May 19, 2004, however, the trial court denied appellant's Civ.R. 60(B) motion. On June 4, 2004, appellant filed a notice of appeal, and herein raises the following four Assignments of Error:
 {¶ 8} "I. The trial court erred in denying the appellant's motion for relief from judgment pursuant to civil rule 60(b) as its judgments of September 28, 2001 are clearly the result of fraud perpetrated by the appellee.
 {¶ 9} "II. The trial court erred in its allocation of parental rights and responsibilities by determining Daniel J. Kochalko to be residential and custodial parent of the parties (SIC) children.
 {¶ 10} "III. The trial court erred in the division of property between the parties.
 {¶ 11} "IV. The trial court erred by adopting the magistrate's decision without entering its own judgment on the issues and without affording fourteen (14) days to object to the Magistrate's Decision.
 I. {¶ 12} In her First Assignment of Error, appellant contends the trial court erred in denying her motion for relief from judgment. We disagree.
 {¶ 13} In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken."Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 14} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v.Bazell (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} Appellant essentially presents a two-pronged challenge in the present appeal. First, as to the decree's property division, she contends, under Civ.R. 60(B)(3), that she presented a sufficient showing that appellee obtained two mortgages on the parties' marital property via fraud; i.e., that appellee had used the parties' teenage daughter to forge mortgage documents in appellant's name.[1] However, notwithstanding that these actions of appellee were the subject of significant testimony during the 2001 divorce proceedings (see, e.g., Tr. at 151-157), we find that appellant's attempt to raise the alleged fraud via a 60(B) motion was properly denied under the trial court's sound discretion. It is well-established that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. See Doev. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus. We conclude that appellant's challenge to the propriety of the division of marital assets based on appellee's method of mortgage procurement should have been carried out in the direct appeal of the August 11, 2003 final decree, which appellant failed to prosecute.
 {¶ 16} Appellant secondly urges, under Civ.R. 60(B)(2), that relief from judgment as to child custody should have been granted based on appellee's subsequent felony conviction and sentence for attempted unlawful sexual conduct with a minor. Nonetheless, based on the undisputed fact that there has been a juvenile court assumption of jurisdiction and transfer of custody to appellant, we find no abuse of discretion in the trial court's decision to deny 60(B)(2) relief as moot. An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case.State v. Bistricky (1990), 66 Ohio App.3d 395, 397,584 N.E.2d 75.
 {¶ 17} Accordingly, appellant's First Assignment of Error is overruled.
 II., III., IV. {¶ 18} In her Second, Third, and Fourth Assignments of Error, appellant challenges the allocation of parental rights and responsibilities, the division of property, and the adoption of the original magistrate's decision. However, because this matter is an appeal from the trial court's denial to grant relief from judgment pursuant to Civ.R. 60(B), this Court cannot review the correctness of the trial court's original judgment, but rather is limited to determining whether the trial court abused its discretion in failing to grant relief from judgment. See In theMatter of Beougher (Feb. 7, 1985), Licking App. No. CA-3087, 1985 WL 7177. Having reviewed the record in this matter pursuant to our analysis of appellant's First Assignment of Error, we find no abuse of discretion in the court's denial of Civ.R. 60(B) relief.
 {¶ 19} Appellant's Second, Third, and Fourth Assignments of Error are therefore overruled.
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs to appellant.
[1] We note that appellant's brief adds arguments such as the purported lack of documentation in the record to support other asset valuations. However, the 60(B) motion's sole focus as to the division of property was the issue of the two mortgages. An appellate court need not consider an error which was not brought to the trial court's attention. See Restivo v. Fifth Third Bankof Northwestern Ohio, N.A. (1996), 113 Ohio App.3d 516, 521,681 N.E.2d 484. We have restricted our analysis accordingly.