THE STATE, EX REL. AKRON EDUCATION ASSN. ET AL., *v.*
ESSEX, SUPT., ET AL.

[Cite as State, ex rel. Akron Edn. Assn., v. Essex
(1976), 47 Ohio St. 2d 47.]

(No. 75-895—Decided July 14, 1976.)

48

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey, Mr. James F. DeLeone, Mr. N. Victor Goodman, Messrs. Green, Schiavoni, Murphy & Haines* and *Mr. Eugene Green,* for relators.

*Mr. William J. Brown,* attorney general, *Mr. Richard J. Dickinson* and *Mr. John C. Duffy, Jr.,* for respondents.

*Per Curiam.* The primary question presented by this action is whether Am. S. B. No. 170 is a bill making an appropriation of money. If it is not, the exercise by Governor Rhodes of his constitutional power to item veto any distinct part of an appropriation bill will not be sustained under the facts of this cause.

Section 16, Article II of the Ohio Constitution provides, in pertinent part:

"* * * The Governor may disapprove any item or items in any bill making an appropriation of money and the item or items, so disapproved, shall be void, unless repassed in the manner prescribed by this section for the repassage of a bill."

Webster's New International Dictionary (2 Ed.) defines an appropriation bill as a measure before a legislative body which authorizes "the expenditure of public moneys and stipulating the amount, manner, and purpose of the various items of expenditure." This definition of an ap-

propriation bill relied upon by relators, was cited in *State, ex rel. Finnegan,* v. *Dammann* (1936), 220 Wis. 143, 264 N. W. 622. The *Dammann* court, at page 624, interpreted the above-stated definition to require a bill to contain, somewhere within its four corners, a specific appropriation in money. We agree.

Respondents maintain that Am. Sub. S. B. No. 170 is a "bill making an appropriation of money" because Section 3 of the bill does so. Section 3 of the bill provides:

"In addition to the payments to county boards of education under Section 3317.11 of the Revised Code and the additional $3.00 per pupil per year payment required by Am. Sub. H. B. 155 of the 111th General Assembly, the Department of Education shall pay each such board in fiscal year 1975-1976 and in fiscal year 1976-1977, an amount in each of such years equal to $3.00 times the total number of pupils under the board's supervision certified under Section 3317.03 of the Revised Code for all the local school districts within the limits of the county district.

*"Payment made under this section shall be made in the same manner and from the same source as payments made pursuant to Section 3317.11 of the Revised Code from appropriation 207-501 made in Am. Sub. H. B. 155 of the 111th General Assembly."* (Emphasis added.)

Examination of the foregoing Section 3 of Am. Sub. S. B. No. 170 reveals respondents' contention that such section "appropriates money" to be without merit. The emphasized portion of Section 3 of the bill clearly indicates that the source of the funds to be expended, pursuant to Am. Sub. S. B. No. 170, is Am. Sub. H. B. 155.

We conclude, therefore, that Am. Sub. S. B. No. 170 is not an appropriation bill, for it simply does not anywhere by its terms appropriate money.

Accordingly, since Am. Sub. S. B. No. 170 is not an appropriation bill, the Governor's exercise of the item veto power conferred upon him by Section 16, Article II of the Ohio Constitution, under the facts of this case, is unauthorized by law, and is hereby declared to be null and void.

In order to disapprove the specific portions of Am. Sub. S. B. No. 170 to which he apparently objected, the Governor's only recourse under the circumstances herein presented was to veto the entire bill pursuant to Section 16, Article II. This he did not choose to do.

Both relators and respondents assert that in the event the Governor's exercise of the item veto power is declared null and void herein, Am. Sub. S. B. No. 170 is now effective in its entirety. We agree. Section 16, Article II of the Ohio Constitution requires this result. In pertinent part, that constitutional provision reads:

"If a bill is not returned by the Governor within ten days, Sundays excepted, after being presented to him, it becomes law in like manner as if he had signed it, unless the General Assembly by adjournment prevents its return; in which case, it becomes law unless, within ten days after such adjournment, it is filed by him, with his objections in writing, in the office of the Secretary of State. The Governor shall file with the Secretary of State every bill not returned by him to the house of origin that becomes law without his signature."

In the instant case, the General Assembly had not prevented the return of Am. Sub. S. B. No. 170 to the Senate by "adjournment." Rather the Governor returned the bill to the Senate with his written objections. Under the facts of this case, the Constitution clearly indicates that no action by the Governor was necessary for Am. Sub. S. B. No. 170 to become law, and, it therefore is now effective in its entirety.

In conclusion, by virtue of the decision reached herein, respondents are under a clear legal duty to carry out the provisions of Am. Sub. S. B. No. 170. Because relators are without a plain and adequate remedy in the ordinary course of law, a writ of mandamus is therefore allowed. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.