OPINION
{¶ 1} Appellant Terry L. Bradford appeals the decision of the Court of Common Pleas, Fairfield County, which denied his motion for relief from a prior judgment of divorce. The appellee is Mary E. Bradford nka Price, appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on March 26, 1999. No children were born as issue of the marriage. On March 20, 2003, appellee filed a complaint for divorce, along with a motion for a restraining order and a motion for exclusive occupancy. Appellee further filed interrogatories and a request for production of documents. On the same day, a process server personally served appellant with the aforesaid pleadings.
 {¶ 3} On March 27, 2003, the court issued an order restraining appellant from coming to appellee's place of residence at 1521 Township Road 184 in Junction City, Ohio. On April 21, 2003, appellant filed a copy of a suggestion of automatic stay, signed by his bankruptcy attorney, indicating appellant had filed a Chapter 7 petition in federal court.[1] Appellant otherwise filed nothing in response to the divorce action prior to judgment thereon. On September 29, 2003, the trial court sua sponte scheduled an uncontested divorce hearing for October 27, 2003. The notice was apparently sent to the aforesaid Junction City address, which was appellant's last known address. The hearing proceeded, and the court granted a divorce on December 3, 2003.
 {¶ 4} On January 6, 2004, appellant filed a motion for relief from judgment, citing Civ.R. 60(B)(3). The trial court overruled same on May 4, 2004.
 {¶ 5} On May 7, 2004, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court abused its discretion in overruling appellant's motion for relief from judgment based upon a misapplication of the standards set forth in GTE Automatic Elec. Inc. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, 1 O.O.3D 86, 351 N.E.2d 118.
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion for relief from judgment without conducting an evidentiary hearing. We disagree.
 {¶ 8} In order to prevail on a motion brought pursuant to Civ.R. 60(B)," * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 9} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. A trial court abuses its discretion in denying a 60(B) hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19.
 {¶ 10} The crux of appellant's 60(B) motion was that appellee engaged in misconduct by not refusing the notice of hearing addressed to appellant at the Junction City address. However, appellee averred as follows in her response to appellant's motion:
 {¶ 11} "The Defendant [Appellant] was sent notice of the uncontested Divorce Hearing pursuant to Notice of Hearing filed September 29, 2003. Said Notice of Hearing was sent to the last known mailing address of the Defendant, that being 1521 Township Road 184, Junction City, Ohio 43748." Appellee further averred, with reference to postal documentation: "In fact, Defendant did not give the Junction City Post Office a forwarding address until April 15, 2004. * * * Plaintiff vacated 1521 Township Road 184, Junction City, Ohio months before the uncontested Divorce Hearing was scheduled. Plaintiff did not remove any mail from the mailbox of the Defendant at 1521 Township Road 184, Junction City, Ohio. Plaintiff informed the Junction City Post Office of her new mailing address months before the Notice of Hearing was mailed out, and therefore, Plaintiff had no reason to enter the mailbox of the Defendant at 1521 Township Road 184, Junction City, Ohio." Mary E. Bradford Affidavit at 2.
 {¶ 12} Appellant also provides scant support for the proposition that a party engages in misrepresentation or misconduct, for the purposes of Civ.R. 60(B)(3), by declining to take responsibility for updating a trial court on the current address of an opposing pro se party. Indeed, inLundstrom v. Lundstrom, Geauga App. No. 2001-G-23812002, 2002-Ohio-7127, the Eleventh District Court of Appeals, in affirming the denial of an appellant's 60(B) motion, stated: "* * * [A]ppellee is not under any duty to ensure that appellant's current address is on record with the court. On the contrary, it remains appellant's obligation to appear in the action and provide the court with current address information." Id. at ¶ 23.
 {¶ 13} Moreover, appellant's reliance on our decision in Green v.Green (June 8, 1998), Fairfield App. No. 97CA34, is misplaced. In that case, we held that an appellant, who had relied on an insufficient notice from the court regarding a particular hearing, was entitled to relief from judgment based on excusable neglect because her absence had not demonstrated a "blatant disregard for the judicial system." Id. Appellant in the case sub judice urges that he likewise did not demonstrate a complete disregard for the judicial system. However, Green was focused on the concept of "excusable neglect," which falls under Civ.R. 60(B)(1), not Civ.R. 60(B)(3), the subsection addressing "misrepresentation or misconduct," upon which appellant herein relied in his motion for relief from judgment.
 {¶ 14} It is well-established that an appellate court need not consider an error which was not brought to the trial court's attention. See Restivo v. Fifth Third Bank of Northwestern Ohio, N.A. (1996),113 Ohio App.3d 516, 521, 681 N.E.2d 484. As appellant entirely couched his motion for relief from judgment under Civ.R. 60(B)(3), we will not presently recognize his attempted reliance on Civ.R. 60(B)(1).
 {¶ 15} Accordingly, under the facts and circumstances of this case, we hold the trial court did not abuse its discretion in denying appellant's motion for relief from judgment and in deciding the matter without conducting an evidentiary hearing.
 {¶ 16} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.
[1] Appellant does not specify when the bankruptcy was discharged. However, in her brief, appellee states the discharge took place on or about August 12, 2003.